EDITH G. MATTESON *et al. vs.* ZONING BOARD OF REVIEW
OF THE CITY OF WARWICK.

NOVEMBER 30, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This is a petition for certiorari, brought under the provisions of general laws 1938, chapter 342, to review and quash the decision of the respondent board granting the application of Grossmans of R. I., Inc. for an exception or variance from the provisions of the zoning ordinance of the city of Warwick so as to permit the erection of a 50-foot by 60-foot building for the housing of building materials and for the storage of lumber in the open on lots numbered 1 to 6 inclusive, 10, 11, 19, 20, 25 and 26 on tax assessors' plat 345. Pursuant to the writ all the pertinent records have been certified to this court.

The petitioners are thirty-nine owners of land abutting on lots numbered 1 to 6 inclusive, zoned as "Business D" and lots numbered 10, 11, 19, 20, 25 and 26 zoned as "Residence B." These lots are assessed for a total valuation of $1,240. The total assessment of the land owned by the

petitioners on their residential properties is in excess of $87,000. The land for which an exception or variance is sought is located southeasterly of the intersection of Main avenue and Post Road in said Warwick, adjacent to the tracks of the New York, New Haven and Hartford Railroad Company.

On March 27, 1951, after hearing, the board granted the application and authorized the conduct of a lumberyard business on the lots in question subject to certain stipulations and conditions, which included the erection of a wire fence enclosing the area and to be located entirely on the property of the applicant, the prohibition of signs on the easterly or southerly sides thereof, and the employment of pest control exterminators to avoid the hazard of rodents.

The petitioners contend that the decision of the board is arbitrary and illegal and constitutes an abuse of discretion because it is in contravention of the zoning ordinance as to uses, conditions, restrictions and zoning. They contend further that such decision is contrary to the public interest and welfare. In support of their contentions petitioners point out that the conduct of a lumber business and the erection of a building for materials and the storage of lumber are uses permitted only in "Industrial E Areas located 300 feet or more from any Residential Area." Zoning ordinance, section IX (A). Under section IX (B) the zoning board is given authority to issue a special permit in an industrial E district within 300 feet of a residence district, after a hearing as provided in section XVI. This special permit authorizes such action only in an *industrial district*. The petitioners argue that since none of the twelve lots here involved is in an industrial district the granting of the application was clearly in excess of the board's powers.

After a careful examination of the decision and the reasons assigned therefor we are of the opinion that the conclusion was arbitrary and illegal. It appears therefrom that the board based the decision largely upon its opinion

as to the propriety and wisdom of the zoning ordinance of Warwick and perhaps upon an indicated doubt in the minds of the members of the board as to its legality.

This is clear from the following language: "It is the opinion of the Board that the *original zoning* of the area *was improper* because Zoning Lots 10, 11, 19, 20, 25 and 26 for residential purposes, when all are within a hundred feet of the railroad tracks, failed to take into consideration the undesirability of the area for residential purposes and also disregards its potential value as business or industrial property. This view is further strengthened by the fact that the area has not developed as a residential area even though formerly owned by a real estate development company. Zoning land of this character as residential property is for all practical purposes depriving the owner of all benefit of his land and creating an undue hardship." (italics ours)

It is apparent that the board sought to do by indirection what it had no authority to do under the zoning ordinance and that its decision in effect amounted to an attempted amendment of such ordinance to permit a prohibited use. The board is bound by the plain provisions of the ordinance and any attempt to amend it is clearly beyond the powers expressly delegated to the board. Any such change can be brought about only by the body authorized to enact and amend the ordinance, namely, the city council of Warwick.

The petition for certiorari is granted, the decision of the respondent board is reversed, and the records in the case which have been certified to this court are ordered sent back to the respondent board.

On Motion for Reargument.

JANUARY 11, 1952.

Per Curiam. After our decision in the above case the respondent asked and received permission to file a motion for leave to reargue. That motion sets out certain reasons

to support the contention that justice requires a reargument. The principal reason therein is that in effect the language employed by the court is broad enough to bar respondent from granting any variance under the enabling act and ordinance.

The respondent misconceives the holding and effect of our opinion. Nothing therein was intended to prevent respondent from granting in a proper case a variance in accordance with the provisions of the enabling act and ordinance. But here, in granting the application for a variance, the undue hardship referred to in the board's decision was not premised on any proper evidence of a deprivation of the beneficial use of the land, but rather was expressly and primarily based on a hardship created solely by the board's opinion that the original zoning was improper or illegal. The latter is not the hardship contemplated in the statute and ordinance. In effect the board's decision here amounted to an attempt, for reasons therein set forth, to change the zone. That is the exclusive function of the city council.

Motion denied.

*Aram A. Arabian,* for petitioners.

*Hailes L. Palmer,* City Solicitor of Warwick, for respondent.

*Swan, Keeney & Smith, Eugene J. Phillips, Marshall Swan,* for applicant.