235 A.2d 883.

ARTHUR TAVARES *et al. vs.* ZONING BOARD OF REVIEW OF THE TOWN OF BRISTOL.

DECEMBER 5, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J.   This petition for certiorari was brought to review a decision of the zoning board of review of the town of Bristol granting permission for the erection of a commercial building to be used as a retail store on a parcel of land located on the west side of Metacom avenue in that town and presently zoned for limited residential uses.   The writ issued, and pursuant thereto the pertinent records have been certified to this court.

It appears therefrom that the applicants are the owners of a lot with a frontage of 200 feet on Metacom avenue. The applicants sought either an exception or a variance, permitting them to erect a building 80 feet by 30 feet thereon that would be used for the retail sale of floor coverings. Counsel for the applicants stated that the area extending along Metacom avenue had become commercial in character and that the lot was unsuitable for residence uses because its surface was 6 to 10 feet below grade.   The petitioners, all owners of residences in the area, objected to the grant of either an exception or a variance, contending that the establishment of another business in the community would create a nuisance and that the restrictions on the land limiting its use to limited residential purposes should be continued in full effect.

The board thereafter voted to grant the application because the evidence submitted at the hearing "* * * proves that the character of Metacom Avenue, including the area

of applicant's land, is in fact commercial in character, that it is becoming more commercial with the development of the Town, as is evidenced by the great numbers of variances, exception [sic], non-conforming uses and zone changes nearby. Evidence was produced, and the Board is aware of the same through its own inspection and knowledge, that along Metacom Avenue, from Mt. Hope Avenue to Tupelo Street there are twice as many commercial or non-residential uses as there are residential uses * * *." The board also went on to find on evidence adduced and by reason of its own inspection "* * * that the area in question, as well as applicant's parcel of land, is from 6 to 10 feet below grade and below the level of the highway, making the same unsuitable for use as a residential area."

The board concluded the decision by stating that Metacom avenue is a main thoroughfare through the town, servicing commercial traffic, that most of the traffic is through traffic, and that: "* * * In view of the fact that the character of the land in this area is commercial and becoming more so each day, and in view of the fact that allowing applicants to use their land as requested would not conflict with the public interest, but we feel would serve it, in view of the fact that this use will be compatible with neighborhood uses, will not create a nuisance and will not hinder the future development of the town and because of the hardship which the unique topography of applicant's land presents."

It is not clear from the record whether the board intended to grant relief by way of a variance or an exception. While no specific finding of the unnecessary hardship that would support the grant of a variance was made, the board does note in its decision that it had inspected the premises and found that the land "* * * is from 6 to 10 feet below grade and below the level of the highway, making the same unsuitable for use as a residential area."

It may be that the board intended that this constitute a finding of the unnecessary hardship prerequisite to the grant of a variance. However, it is our opinion that the evidence to which reference was thus made was clearly insufficient to support a finding of unnecessary hardship. We have held repeatedly that mere inconvenience or additional expense involved in filling a depression to build it up to grade for residential uses does not in itself necessarily amount to undue hardship. *Gemma* v. *Zoning Board of Review*, 93 R. I. 440, 176 A.2d 722. In that case at page 446, 176 A.2d at 725, we said: "Unless it can be shown that the expense or cost of fill, grading, etc., however great, is prohibitive because it results in taking the property out of the market for residential purposes, such expense does not constitute unnecessary hardship." In that case we were affirming the view stated in *Ricci* v. *Zoning Board of Review*, 72 R. I. 58, 47 A.2d 923, and *Franco* v. *Zoning Board of Review*, 90 R. I. 210, 156 A.2d 914.

It is our opinion, however, that the board intended to grant relief to these applicants because it was convinced that the land was improperly zoned and that its restriction to residential uses was imprudent in view of the expansion of commercial uses into the area. In reaching its decision, the board found as a fact that the character of the land in the area is commercial and becoming increasingly so. It is quite apparent that because of this conviction the board intended to change the permitted use of the land from limited residential to commercial.

This is entirely beyond the jurisdiction of a board of review and, therefore, constituted an arbitrary and unreasonable exercise of its power. It is well settled in this state that boards of review have no authority to amend the zoning districts established by a city or town council under the guise of granting an exception or a variance. In *Matteson* v. *Zoning Board of Review*, 79 R. I. 121, 84 A.2d 611,

this court made clear the limitation on the jurisdiction of the zoning board of review by holding arbitrary and illegal a decision granting relief from a zoning ordinance on the board's disagreement as to the propriety and wisdom of the zoning of a particular parcel prescribed in the ordinance. In that case at page 123, 84 A.2d at 612, we noted that the board found " "* * * that the *original zoning* of the area *was improper* * * *.' " Zoning the land in question for residential purposes " "* * * failed to take into consideration the undesirability of the area for residential purposes and also disregards its potential value as business or industrial property.' " We went on to say in that case: "It is apparent that the board sought to do by indirection what it had no authority to do under the zoning ordinance and that its decision in effect amounted to an attempted amendment of such ordinance to permit a prohibited use. The board is bound by the plain provisions of the ordinance and any attempt to amend it is clearly beyond the powers expressly delegated to the board."

Similarly in *Harte* v. *Zoning Board of Review*, 80 R. I. 43, 54, 91 A.2d 33, 38, we said: "In our judgment the board misconceived the power to grant an exception as intended by the enabling statute, and as a result treated an application for an exception as a substitute method for making a substantial amendment to the ordinance to effectuate what it considered desirable. This function is a prerogative of the city council and not of the board."

The language of the decision in this case is persuasive that the board here granted relief to these applicants because in its opinion the restriction of this land to a residential use worked an injustice in view of the fact that a substantial number of commercial uses existed within the area in which the land was located. As we have already noted, a zoning board of review is without jurisdiction to amend zoning classifications established by a city or town

council under the guise of granting an exception or a variance. We, therefore, conclude that the board acted arbitrarily in granting relief in this case and thereby abused its discretion.

The petition for certiorari is granted, the decision of the respondent board is reversed, and the records certified to this court are ordered returned to the respondent board.

*Pasquale T. Annarummo,* for petitioners.

*Ralph C. DeLuca,* Town Solicitor, for respondent.