357 A.2d 443.

RICHARD D. WORRELL *et al. vs.* FRANK A. DEL SESTO *et al.*

MAY 24, 1976.

PRESENT: Bevilacqua, C. J.. Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. This is a petition for certiorari wherein certain remonstrants seek review of a Superior Court judgment affirming a decision of the Zoning Board of Review of the City of Providence granting a variance which permits more dwelling units in a residence than the ordinance allows in the zones (R-1 and R-2) where the premises are situated.

The grounds for relief set out in the application, the proof offered in support thereof, and the basis upon which the zoning board and the Superior Court apparently acted were that the premises when purchased in 1945 were divided into four separate dwelling units in violation of the zoning ordinance; that since their purchase the applicant, without realizing that the use he has been making of the premises constituted a zoning violation, has occupied one of those units and has leased the other three; and that the applicant's ability to repay the funds borrowed to finance the purchase of the premises and thereafter to have a retirement income are contingent upon continued rental income.

To deprive an owner of the rental income which he relies upon as the means of financing the purchase price of a multi-unit dwelling in which he resides, while certainly in the circumstances of this case a personal hardship, is nonetheless not a hardship for purposes of granting a variance. *See Patalano* v. *Zoning Bd. of Review,* 112 R. I. 533, 535, 312 A.2d 580, 581 (1973); *Marks* v. *Zoning Bd. of Review,* 102 R. I. 545, 551, 232 A.2d 382, 385 (1967); *Winters* v. *Zoning Bd. of Review,* 80 R. I. 275, 279-80, 96 A.2d 337, 340 (1953); *D'Acchioli* v. *Zoning Bd. of Review,* 74 R. I. 327, 331, 60 A.2d 707, 710 (1948).

Hardship in the zoning sense is concerned not with personal difficulties, but solely with whether a rigid insistence upon the property being devoted to a use permitted by the zoning ordinance will deprive its owner of all beneficial use of his property and will therefore be confiscatory. To establish that kind of hardship requires a showing that the property cannot be beneficially utilized or profitably operated if devoted to a permitted use. If it can be there is no legal basis for a variance. *Goodman* v. *Zoning Bd. of Review,* 105 R. I. 680, 683, 254 A.2d 743, 745-46 (1969); *see Patalano* v. *Zoning Bd. of Review,*

*supra* at 535, 312 A.2d at 581. In this case the requisite showing was not made and hence the board's decision was clearly erroneous as was the Superior Court judgment affirming that decision.

The petition for certiorari is granted, the Superior Court judgment is quashed and the records certified to this court are ordered returned to the Superior Court with our decision endorsed thereon.

*Edwards & Angell, Deming E. Sherman,* for petitioners.

*Milton Bernstein,* for respondents.