[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the court on appeal from a decision of the Zoning Board of Review of the City of Providence (hereinafter the "Board"). Anthony Emma (hereinafter "plaintiff") seeks a reversal of the Board's August 29, 1989 decision granting to him the use of his property for a four family dwelling. Jurisdiction in this court is pursuant to Rhode Island General Laws 1956 (1988 Reenactment) § 45-24-20.
Travel and Facts
The plaintiff is the owner of the subject property, a six family dwelling unit described as Lot 387 on Assessor's Plat 113 located at 44-48 Barbara Street in Providence. This property is a substantial multi-family dwelling consisting of 3 full floors, the square footage of each floor being 1,739 square feet. (Tr. at 7). This property and surrounding properties were originally constructed at the turn of the century for use as mill housing. Said property is located in an area comprised of both single and multiple family residential dwellings. Presently, this property, located in an R-2, Two-Family Zone, is an existing six unit apartment building. (Sec. 42, Providence Zoning Ordinance).
On October 3, 1988, the plaintiff filed with the Board an application for a variance for relief from the provisions of Section 42-A of the Zoning Ordinance of the City of Providence to enable him to continue use of his property at 44-48 Barbara Street as a six-unit apartment building. The property has been used in this manner for the past twenty years. ("Application for Exception or Variance . . ." and Tr. at 3). Additionally, the plaintiff has requested relief from Section 24-C-1(c)3 governing parking space for dwellings, requiring paving of not more than 50% of the rear lot. ("Application for Exception or Variance . . .").
On February 19, 1989, members of the Board made an inspection of the premises and the surrounding properties and noted the subject property to be well-maintained and located among mostly one and two-family dwellings. (Plaintiff's Exhibit B).
A scheduled hearing was held on February 21, 1989. At this hearing the plaintiff, who did not appear due to a respiratory problem which necessitated his living in Florida for the winter, authorized his attorney to act on his behalf. At the public hearing, the Board heard the testimony of the plaintiff's grandson as well as testimony of a real estate expert, James M. Sloan, IV regarding the history and nature of the property. At this hearing, none of the neighboring residents objected to the continued use of 44-48 Barbara Street as a six-unit apartment building.
Mr. Sloan testified that if the petition sought by the plaintiff were granted and six units were allowed in the structure, there would be no adverse effect upon and no diminution of value caused to surrounding properties. (Transcript at 9-10). Mr. Sloan further indicated that ". . . there continues to be a need in Rhode Island . . . for affordable rental units . . . to that extent the (public) convenience would be served." (Transcript at 12).
Also before the Board was a February 18, 1989 letter from the Department of Planning and Development (Plaintiff's Exhibit E) stating that, as with previous referrals relative to property on Barbara Street, the Department objected to the expansion of non-conforming four (4) dwelling unit structures to six (6) dwelling unit structures. With respect to the present referral, the Department stated that "legalization of this nonconforming use would encourage similar proposals which would be detrimental to the neighborhood and jeopardize the stability of this residential area." (Plaintiff's Exhibit E).
On August 29, 1989, the Board denied to the applicant permission to use the building at 44-48 Barbara Street as a six-unit apartment building but granted permission to use the property as a 4-unit dwelling. Among the Board's findings are the following:
 3. The Board further noted on its inspection of the property that the structure is large enough to sustain four dwelling units.
 4. The applicant is requesting a use variance, however, he has not shown that he will lose all beneficial use of his property if this petition were denied.
 5. The applicant has not shown that the public interest, welfare and convenience would be served by granting the petition, nor that he would suffer hardship amounting to more than a mere inconvenience which would be required to approve his petition on the basis of special exception. (Resolution No. 6991).
Standards of Review
The Superior Court review of a zoning board decision is controlled by Rhode Island General Laws 1956 (1988 Reenactment) § 45-24-20(d), which provides in pertinent part as follows:
 45-24-20. Appeals to Superior Court
 (d) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
In reviewing a zoning board decision, the Superior Court ". . . is not empowered to substitute its judgment for that of the zoning board if it can conscientiously find that the board's decision was supported by substantial evidence in the whole record." Apostolou v. Genovesi, 388 A.2d 821, 825 (R.I. 1978). This requisite "substantial evidence" has been further defined ". . . as more than a scintilla but less than a preponderance."Id. at 824; ". . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. at 826.
With respect to the standard for granting a variance, RhodeIsland General Laws 1956 (1988 Reenactment) § 45-24-19(c) is controlling. Variances are authorized when the applicant demonstrates that the ordinance as applied will result in unnecessary hardship and that such variance will not be contrary to the public interest. Rozes v. Smith, 120 R.I. 515, 518,388 A.2d 816 (1978). To satisfy the unnecessary hardship standard of § 45-24-19(c), this court has required a showing of deprivation of all beneficial use of property to the extent that strict enforcement of the ordinance would be confiscatory. Id. at 519;Worrell v. Delsesto, 116 R.I. 409, 357 A.2d 443 (1976). This requisite complete deprivation of all beneficial use has been clearly distinguished from "substantial deprivation" as the standard to be used in determining whether one is entitled to such a variance. Smith v. Zoning Board of Review of the City ofWarwick, 104 R.I. 5, 241 A.2d 288, 290 (1968).
The Board's Decision
The plaintiff argues that the evidence at the hearing warranted the Board's granting of a special exception. (Plaintiff's Brief). This court disagrees with the plaintiff's contention. The relief requested by the plaintiff in his October 3, 1988 application was in the form of a variance for a six-unit dwelling. Request was made for ". . . relief from the two family limit in Sec. 42 R-2 zone pursuant to the power of the Board to grant a variance to the ordinance under Sec. 92." ("Application for Exception or Variance . . ."). In the present case, the plaintiff did not present evidence to the Board to meet his burden of showing that he will suffer an "unnecessary hardship" and incur a `deprivation of all beneficial use of his land if such variance is not granted.' Rhode Island Hospital TrustNational Bank v. East Providence Zoning Board of Review,444 A.2d 862, 864 (R.I. 1982).
Upon examination of the record, this court finds that the plaintiff has not sustained his burden of presenting evidence to the Board that the ordinance as applied will deprive the plaintiff of all beneficial use of his land. The plaintiff's expert witness, James M. Sloan IV, skirted the issue of whether the plaintiff would suffer an unnecessary hardship if the variance were not granted. From Mr. Sloan's testimony this Board had before it evidence that the plaintiff would not be deprived of all beneficial use of his property if the relief sought, a variance to use his property as a six-unit dwelling, were not granted. Mr. Sloan stated ". . . It is my understanding that the present rental for these (units) is in the vicinity of $385 per month with the tenants paying their own utilities." (Transcript at 12). Strict adherence to the ordinance would permit the plaintiff to collect at least $770 in rental income per month. The Board's refusal to grant a variance to use the subject property as a 6-unit dwelling would constitute neither an unnecessary hardship, nor a deprivation of all beneficial use of the plaintiff's property.
This court is mindful that
. . . a zoning board of review is presumed to have knowledge concerning those matters which are related to an effective administration of the zoning ordinance. Where it appears from the record that a decision was reached in reliance upon such knowledge, it is considered . . . to constitute legal evidence sufficient to support such a finding.
Monforte v. Zoning Board of East Providence, 93 R.I. 447, 449,176 A.2d 726 (1962) (Quoting Woodbury v. Zoning Board ofReview, 78 R.I. 319, 323) (1951). The evidence before the Board was sufficient to support its denial of the requested variance for a six-unit dwelling. Although denying to the petitioner permission to use the property for a six-unit dwelling, the Board granted permission to Mr. Emma to use same for a four-unit dwelling.
Members of the Board made an inspection of the subject property prior to the hearing. At this inspection, the Board members took note of the size of the subject property, the maintenance of the subject property, and the use of the other dwellings in the area. (Resolution No. 6991). This inspection revealed that the property is large enough to accommodate four dwelling units. Later at the hearing, Mr. Sloan additionally testified that the square footage of each floor is 1,739 square feet (Tr. at 7). The Board also found that the plaintiff's property was located among mostly one and two family dwellings and had been well-maintained. The Board's inspection along with Mr. Sloan's testimony provided the Board with sufficient evidence to support their determination as to the amount of relief appropriate under the ordinance.
After review of the entire record, this Court finds that the decision of the Board is supported by reliable, probative, and substantial evidence, is not clearly erroneous, and is not an abuse of discretion. For the reasons herein stated, the decision of the Zoning Board of Review of the City of Providence is affirmed.