DECISION
Before the Court is an appeal from a decision of the Zoning Board of Review for the City of Providence ("Board"). The Elmhurst Preservation Society and a group of citizens ("Society") appeal from the decision of the Board granting the application of Lombardi ("Appellee") for a variance. Jurisdiction is pursuant to G.L. 1956 (1991 Reenactment) § 45-24-69.
Appellee is the owner of property located at 1079 Smith Street in Providence and identified as Lot 219 on Assessor's Plat 122. The Smith Street building consists of three floors: Appellee's chiropractic office is located on the first floor, and tenants rent the second and third floors. In 1982, Appellee purchased the property from a practicing physician who had maintained his office and residence in the building for about twenty years. In 1993, Appellee was notified that his office sign violated the Zoning Ordinance of the City of Providence. Appellee filed an application in November of 1993 for a variance from § 303 (12, 46) requesting a change in use from a one-family residential zone to a two-family, one-professional office. Appellee also sought relief from the regulations in §§ 607.1 and 703.2 governing the size and location of his office sign and parking requirements. On March 10, 1994, the Board issued a notice of public hearing for March 22, 1994.
At the Board meeting, presided over by Sandra L. Carlson, Appellee testified about the circumstances surrounding his purchase of the building and his notification that the sign violated the ordinance. Appellee testified that when he bought the building in 1982 the original owner had his practice in the building and the Board notified Appellee at the time of purchase that the building was zoned home/office. Appellee testified that he had not lived in the building since 1989, and consequently was seeking a permit for two apartments and one office, as well as a permit for a larger sign and for five off-street parking places. He also stated that in the past ten years, none of the neighbors complained about the existence of the chiropractic practice and that he had tried to maintain the character of the neighborhood. Finally, he gave the following testimony:
 Health care changed drastically in the '80s. In came computers, excessive paper work. . . . As the office got bigger I had no choice but to move out and as a result at this point and time if I'm asked to leave that office it would be undue hardship. It would be a financial strain on my practice after thirteen (13) years in that area. And I'm asking the Board for an exception. (Tr. at 22-23).
Regarding his application for five parking spaces, the Department of Traffic Engineering submitted a letter stating that the spaces comported with its requirements. The City of Providence Department of Planning and Development submitted a report stating that it did not object to Appellee's application, and that after conducting a field inspection, it concluded: "Since the property is located on a major thoroughfare and adjacent to a large commercial use, its existing and proposed use is not in conflict with the overall land use pattern in the area."
Several people testified in opposition to the application. Robert Stergulz, a neighbor and one of the present appellants, testified that concerned neighbors discovered Appellee was not living at the residence and also that Appellee was probably violating zoning regulations by having illegal apartments. According to Stergulz, the neighbors reported their suspicions to the city in 1989. Stergulz also stated that because the patients parked on the street, this created a traffic hazard. Additionally, Stergulz presented a petition signed by 86 property owners objecting to Appellee's application.
Horacio Morales, another neighbor, testified about the traffic problem, the problem with increased trash, and the oversized nature of the sign.
Frieda Spirito, also an appellant, was the final neighbor who testified in objection to Appellee's application. Her statement focused on the fact that Appellee did not live in the house and that his practice was creating serious traffic problems.
Following the hearing, the Board voted five to zero to adopt the resolution granting Appellee's application and issued a decision on April 7, 1994, setting forth the following findings of fact:
 1.) The Board finds (a) that the R-1 zone classification of the subject premises now operates to cause the petitioner unnecessary hardship; (b) that it is not a rational economic alternative to require the reconstruction of the structure as a two-family dwelling.
 2.) The Board believes that the granting of the petition for a variance to use the subject premises as one professional office and a two-family dwelling is the minimum relief required by the petitioner without causing him unnecessary hardship. (Tr. at 6)
Appellants filed a timely appeal to this Court asserting that the Board's decision was clearly erroneous in view of the reliable, probative and substantial evidence, and that the decision was arbitrary, capricious and an abuse of discretion. According to Appellants, the Board erred in determining that compliance with the existing zone classification would cause Appellee unnecessary hardship.
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69(D) which provides:
 45-24-69. Appeals to Superior Court
 (D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence.Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d at 824-25). On review, the Supreme Court examines the record to determine whether "competent evidence" supports the Superior Court judge's decision. R.J.E.P.Associates v. Hellewell, 560 A.2d 353, 354 (R.I. 1989).
The true variance under R.I.G.L. § 45-24-41(C) (1), as opposed to a dimensional variance, requires the petitioner to demonstrate that "hardship" is due to the "unique characteristics of the subject land or structure and not to the general characteristics of the surrounding area." Moreover, there must be evidence in the record "[t]hat hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain." §45-24-41(C) (2).
In showing that one is entitled to relief, the mere showing of additional expense does not necessarily amount to undue hardship so as to warrant granting a variance. Tavares v. ZoningBd. of Review of Town of Bristol, 103 R.I. 186, 189,235 A.2d 883, 885 (1967). "Hardship . . . is concerned not with personal difficulties, but solely with whether a rigid insistence upon the property being devoted to a use permitted by the zoning ordinance will deprive its owner of all beneficial use of his property and will therefore be confiscatory." Worrell v. Del Sesto,116 R.I. 409, 410, 357 A.2d 443, 444 (1976). The proof necessary to show hardship is "exacting": an applicant may not rely on bald assertions, but must set forth probative evidence such as data from financial statements. Gaglione v. DiMuro, 478 A.2d 573, 576 (R.I. 1984); Goodman v. Zoning Bd. of Review of Cranston,105 R.I. 680, 681, 254 A.2d 743, 746 (1969).
In the present case, Appellee failed to demonstrate before the Board that enforcement of the permitted one-family use would deprive him of all beneficial use of his property. The only evidence of hardship is Appellee's bald assertion that "if I'm asked to leave that office it would be undue hardship. It would be a financial strain on my practice after thirteen (13) years in that area." Furthermore, Appellee presented no probative evidence of financial statements relating to his application for a variance for his practice or for the two apartments. SeeGoodman v. Zoning Board, 105 R.I. at 681, 254 A.2d at 746. Seealso, Duclos v. Zoning Bd. of Review of City of Woonsocket,101 R.I. 537, 538, 225 A.2d 520, 520-21 (1967) (zoning board lacked jurisdiction to grant special exception or variance authorizing operation of beauty parlor in basement of residence zoned for single family use). Appellee's argument that he should be allowed to continue operating his practice as he has done without complaint for the past thirteen years is without merit. Likewise, Appellee's testimony that the zoning board incorrectly told him when he purchased the building that it was zoned for office/home does not establish undue hardship. See Vican v.Zoning Board of Review, 103 R.I. 429, 431-32, 238 A.2d 365, 367 (1968). Therefore, there is not substantial evidence in the record to support the Board's decision.
Regarding Appellee's application for a Viti or dimensional variance for parking spaces and for his office sign, Appellants generally object to the Board's decision, but do not brief these grounds on appeal. After reviewing the record, this Court finds that Appellee completely failed to demonstrate before the Board that without a dimensional variance he would suffer an adverse impact amounting to more than a mere inconvenience. Viti v.Zoning Board of Review, 92 R.I. 59, 64-65, 166 A.2d 211, 213 (1960). The record before this Court is devoid of any evidence to support the Board's granting of these dimensional variances. Moreover, the Board's decision fails to set forth a legal basis for its judgment. May-Day Realty Corp. v. Board of Appeals ofPawtucket, 107 R.I. 235, 238-39, 267 A.2d 400, 403 (1970).
After a review of the record, the Court finds that Appellee failed to present competent evidence that enforcement of the one-family zoning provisions would result in "hardship" and that without variance relief from the sign and parking regulations Appellee would suffer an adverse impact amounting to more than mere inconvenience. The Court further finds that the Board's decision granting the sign and parking variances was unsupported by any legal basis for its judgment. Accordingly, the Board's April 7, 1994, decision granting the application was clearly erroneous in light of the reliable, probative and substantial evidence of record and in its entirety is hereby reversed.
Counsel shall prepare the appropriate judgment for entry.