DECISION
This is an appeal from a decision of the Providence Zoning Board of Review (hereafter "Board") decided March 26, 1993. The Plaintiffs in this matter seek a reversal of the Board's decision to grant the Defendant's request for a variance.
I. Case and Travel
S D Investment (hereafter "S D"), owns the property at Lot 210 on Assessor's Plat 8. Lot 210 consists of real estate at 80-82 Doyle Avenue, Providence, Rhode Island. Lot 210 contains approximately 6,062 square feet of land area. The property is in a residential R-3 zone: i.e. "intended for medium and low density residential areas comprised of structures containing single-family dwelling units, two-family dwelling units and three-family dwelling units." The City of Providence ZoningOrdinance, Art. I, § 101.1 (1994). Pursuant to the records of the Providence Department of Inspection and Standards, the property has a legal nonconforming use as a four (4) family dwelling. The Plaintiffs in this matter are the neighbors opposed to the granting of the variance.
S D has owned lot 210 for about two (2) years. The lot contains a three-story wood framed structure with two dwelling units on each floor. This is an illegal nonconforming use as a six (6) family dwelling. S D was not aware of the illegal nonconforming use of the dwelling when they purchased the property
As a result, S D sought to obtain relief from the Providence Zoning Ordinance's lot area per dwelling unit requirement. An advertised public hearing was held Tuesday, February 23, 1993. The Board made the following findings:
 1.) The proposed use of the property is a permitted use in the R-3 Zone pursuant to Section 303, and the requested relief from Sections 202.5, 202.6, 304, 703.2 and 704.2, is relief from regulations of an otherwise permitted use.
 2.) Strict enforcement of the provisions of the Zoning Ordinance would result in unnecessary hardship to the applicant, and such hardship would amount to more than a mere inconvenience . . . . [T]he Board finds that it is not economically feasible to restructure the building in order to render it conducive as a four-family dwelling.
(Board's Decision at 1-2). The Board, in turn, partially granted S D's request for relief from the lot area per dwelling unit requirement of the Providence Zoning Ordinance by allowing for a five (5) family dwelling to be legally established in lieu of the requested six (6) family dwelling. In response, the Plaintiffs filed the instant appeal.
II. Appellate Review of Zoning Board Decision
Pursuant to Rhode Island General Laws § 45-24-69 (D), the Superior Court possesses appellate jurisdiction to review zoning board decisions. Section 45-24-69 (D) provides in pertinent part:
 (D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are:
 (1) In violation of constitutional, statutory, or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
R.I. Gen. Laws 1956 (1991 Reenactment) § 45-24-69 (D).
In reviewing a zoning board decision, the Superior Court may neither substitute its judgment for that of the zoning board nor examine the weight of the evidence. Rather, the court must examine the entire record to determine whether `substantial' evidence exists to support the board's findings. This requisite substantial evidence is defined as more than a scintilla but less than a preponderance.
However, a zoning board's determinations of law are not binding on the reviewing court. See Gott v. Norberg,417 A.2d 1352, 1361 (R.I. 1980). Rather, "[q]uestions of law . . . may be reviewed to determine what the law is and its applicability to the facts." Carmody v. Rhode Island Conflict of Interest, 509 A.2d 452, 458 (R.I. 1986).
Applicants who seek relief before a zoning board of review have the burden of fulfilling the prerequisites to relief from the relevant zoning ordinance. DiIorio v. Zoning Board of Review,252 A.2d 350, 353 (R.I. 1969). To decide whether an applicant sustained his or her burden of proof, it is necessary to ascertain the proper standard of proof with respect to relief sought. Gara Realty v. Zoning Board of Review, 523 A.2d 855, 857 (R.I. 1987).
In this case, all parties assumed that the Board applied the proper standard — that of a "dimensional" variance — in determining S D's entitlement to relief from the lot area per dwelling unit requirement of the Providence Zoning Ordinance. After a full review of the record and the applicable law, this Court finds that the Board incorrectly applied the "dimensional" variance standard to the instant application and should have applied the "true" variance standard.
III. Decision
A. The Board Did Not Apply the Correct Standard of Review
The first issue to be decided is what standard of review the Board should apply. Generally, three forms of zoning relief exist: a "true" variance, a "deviation" (Viti) variance, and an exception. Bamber v. Zoning Board of Review, 591 A.2d 1220, 1223 (R.I. 1991). "A `true' variance is relief to use land for a use not permitted under the applicable zoning ordinance." Id. A deviation is relief from restrictions governing a permitted use.Id. Finally, since relief from the R-3 zone's lot area retirement is not expressly provided for in the Providence Zoning Ordinance, the third enumerated type of relief, an exception, is inapplicable to this case. See Id. at 1223 (defining exception as relief expressly allowed by zoning ordinance).
Rhode Island General Laws § 45-24-31 (49)(a) defines "Nonconforming by use" as "[a] building or structure containing more dwelling units than are permitted by the use regulations of a zoning ordinance . . . ." The Providence Zoning Ordinance also uses a similar standard under Section 200.4 by requiring that "[a] building or structure containing more dwelling units than are permitted by the use regulations of this ordinance shall be nonconforming by use." The City of Providence Zoning Ordinance, Art. II, § 200.4 (1994). The City of Providence Zoning Ordinance further mandates "that existing nonconforming uses shall not justify further departures from this ordinance for themselves, or for any other properties." The City of ProvidenceZoning Ordinance, Art. II, § 201 (1994).
The use regulations under the Providence Zoning Ordinance, Section 303, stipulate that multifamily dwellings are not allowed in an R-3 zone. The City of Providence Zoning Ordinance, Art. III, § 303 (14) (1994) (emphasis added). Furthermore, the City of Providence Zoning Ordinance defines an R-3 zone as
 "intended for medium and low density residential areas comprised of structures containing single-family dwelling units, two-family dwelling units and three-family dwelling units located on lots with a minimum land are of five thousand (5,000) square feet and a minimum land area of two thousand (2,000) square feet per dwelling unit."
The City of Providence Zoning Ordinance, Art. I, § 101.1 (1994).
The City of Providence has established provisions within the Providence Zoning Ordinance for the potentiality of multifamily dwellings when establishing the use regulations. Within the Providence Zoning Ordinance, R-G and R-M zoned districts expressly allow for dwelling units of four (4) or more family dwellings. Id. Therefore, the Board should apply the "use" standard of review because S D's requested variance concerns the placement of a legal six (6) or five (5) family dwelling in an R-3 zone.[1]
The Rhode Island Supreme Court considered the issue of what standard of review to apply when the relief sought is relief from the lot per area dwelling requirement in Worrell v. Del Sesto,116 R.I. 409, 357 A.2d 443 (1976). The issue in Worrell concerned the granting of a variance to permit more dwelling units in a residence than the ordinance allows in zones (R-1 and R-2) where the premises are situated. Id. at 443. The petitioner in Worrell, as in this case, was unaware of the zoning violations when he purchased the property. Id. The Court applied the "use" variance standard by requiring that "the property being devoted to a use permitted by the zoning ordinance will deprive its owner of all beneficial use of his property and will therefore be confiscatory." Id. at 444. In the case before this Court, S D was seeking to place a six (6) family dwelling in an R-3 zone and therefore must overcome the higher "use" variance standard.
B. The Board Did Not Make Sufficient Findings Under the "Use" Variance Standard
To obtain a "use" variance, an applicant must demonstrate by probative evidence that a literal application of the terms of the ordinance would deprive him of all beneficial use of his property. "[A] mere showing of a more profitable use that would result in a financial hardship [to the owner] if denied does not satisfy the requirements of our law." Rhode Island Hospital TrustNational Bank v. East Providence Zoning Board of Review,444 A.2d 862, 864 (R.I. 1982).
 In this case, the Board found
 as a fact based on its inspection of the premises and based on the testimony of the real estate expert, that to use the premises as a four-family dwelling, the subject structure would need to be extensively reconstructed in order to render it conducive as such, and thereby would place an unnecessary financial burden upon the applicant. The granting of the petition for a dimensional variance is not a matter of meeting the economic preferences of the petitioner, but is as a matter of economic necessity. The petitioner would definitely be inconvenienced by a denial of its request based on current costs of construction. The applicant has testified that it would take a serious loss, financially, if the request were not approved.
Board's Decision at 3.
Although the Board found that a denial of the variance would cause "an unnecessary financial burden" and that the variance was "a matter of economic necessity," the Board did not make the requisite finding that denial of the variance would deprive S D of all beneficial use of property.
Additionally, there was no testimony relating to the extent of the loss S D would endure to convert and run the building as a four-family dwelling. The Rhode Island Supreme Court has held "that statements of economic unfeasibility that are mere conclusions and are unsupported by financial statements or cost data do not constitute probative evidence." Doyle v. McNulty,478 A.2d 577, 576 (R.I. 1984). "To be entitled to a zoning variance, a landowner must show `that the present return on the property [is] so low that to require its continued devotion either to its present use or to others permitted under the ordinance would be confiscatory. Without such a showing, [a] naked assertion of economic unfeasibility is meaningless.'" Doyle v. McNulty, 478 A.2d at 576 (quoting Goodman v. Zoning Board of Review ofCranston, 105 R.I. 680, 685, 254 A.2d 743, 746 (1969). Both Mr. Shein and Mr. Sloan testified for S D concerning the economic ramifications of the requested variance. Mr. Shein testified that "[w]e would not be able to make the mortgage payments" in response to the question concerning the financial hardship S D would suffer if the Board did not allow it to maintain the current use of the building as a six (6) family dwelling. (Transcript at 4). S D provides no additional evidence or testimony regarding the financial hardship that the denial of the variance would inflict other than this naked assertion of economic unfeasibility. Mr. Sloan, a qualified expert, testified that considerable conversion would have to take place to convert the status of the house back to a four (4) family dwelling. (Transcript at 8). No financial statements or costs data, however, supports this testimony. Without the requisite cost data, this Court cannot uphold the granting of the variance by the Board.
After a review of the entire record, this Court finds that the Board applied the incorrect standard of review to S D's request for a variance. The error of law applied by the Board effected its decision and does not satisfy the stricter "use" variance standard of review. The other concerns raised by the Plaintiffs need not be addressed at this time due to the Board's application of the incorrect standard of review and are not decided. Accordingly, this Court remands Resolution Number 7618 for further proceedings and reconsideration under the use variance standard.
Counsel for the plaintiffs shall prepare and submit a judgment consistent with this decision.
[1] The relief requested also violates the dimensional regulations of the City of Providence Zoning Ordinance, Section 304. Under Section 304, the minimum lot area per dwelling unit is 2,000 square feet in an R-3 zone. The City of Providence ZoningOrdinance, Art. III, § 304 (1994). In this case, the lot in question contains approximately 6,062 square feet of land area. The Providence Zoning ordinance would therefore permit a three (3) family dwelling as the maximum conforming dwelling. Since, the requested variance violates both the use regulations and the dimensional regulations of the zoning ordinance, the higher burden of proof under the use variance standard must apply.