388 A.2d 816.

JOHN A. ROZES *et ux.* v. DANIEL J. SMITH *et al.*

JULY 20, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

516

Doris, J. This petition for certiorari was brought to seek review of a Superior Court judgment affirming a decision of the Zoning Board of Review of the City of Newport (the board). The board granted a variance to permit the creation of at least one substandard lot through the conveyance of a portion of the respondents' property.

Two of respondents, Daniel J. Smith and Joanna M. Smith, own an L-shaped lot located on Victoria and Lawrence Avenues in Newport. They applied to the board for a variance permitting them to convey the easterly portion of their property to respondent Preservation Society of Newport County (the society). The society planned to use the real estate as an addition to its adjacent parking area for "The Breakers," a Newport mansion and popular tourist attraction. The petitioners, John A. Rozes and Beatrice Rozes, own land abutting the Smith's property on Lawrence Avenue. Both properties are located in an "R-40" zone, which requires a minimum of 40,000 square feet for a residential lot. The subdivision proposed by the Smiths consisted of the conveyance of a lot of 20,990 square feet to the society and the retention by the Smiths of a 20,440 square-foot parcel upon which their residence is situated. The board granted the variance to respondents to permit this subdivision. The petitioners, as parties aggrieved by the action of the board, sought review in the Superior Court, alleging that the board had violated both state and local enactments and abused its authority. After a hearing, the Superior Court justice entered a judgment denying petitioners' appeal and affirming the decision of the board.

The petitioners argue before us that the Superior Court justice applied an incorrect standard in reviewing the board's grant of the variance. Although the board did not elaborate upon the reasoning behind its decision, in contravention of previous admonitions by ths court, *see Travers v. Zoning Board of Review*, 101 R.I. 510, 225 A.2d 222 (1967); *Petrarca v. Zoning Board of Review*, 78 R.I. 130, 80 A.2d 156 (1951), the Superior court justice found that the board had correctly applied the standard set forth in G.L. 1956 (1970 Reenactment) §45-24-19(c) to grant a variance. That section authorizes variances which are not contrary to the public interest upon a showing by the applicant that the ordinance provisions will result in unnecessary hardship to him. In his decision, the Superior Court justice determined that the testimony of Mr. Smith concerning the virtual uselessness to him of the portion of the lot he proposed to sell because of its distance from his residence and the difficulty in maintaining it constituted clear evidence of unnecessary hardship. The Superior Court justice defined unnecessary hardship as the deprivation of all beneficial use, meaning "practical, actual beneficial use." The petitioners contend that this definition of hardship falls short of the stringency required by this court.

The respondents also assert that the Superior Court justice applied the wrong standard, although they contend that he reached the right result. They state that the criterion should have been whether the ordinance provisions resulted in adverse effects amounting to more than mere inconvenience. Therefore, they argue that Mr. Smith's testimony relating to his difficulties with the parcel in question should have provided more than adequate evidence for the board to grant the variance and the Superior Court to affirm that decision.

The confusion surrounding the question of which standard should apply to the circumstances of the instant case stems from distinctions drawn and developed by this court in the area of permitted divergence from zoning provisions. To

satisfy the unnecessary hardship standard of §45-24-19(c), we have required a showing of deprivation of all beneficial use of property to the extent that strict enforcement of the ordinance would be confiscatory. *Worrell* v. *Del Sesto*, 116 R.I. 409, 357 A.2d 443 (1976); *Goodman* v. *Zoning Board of Review*, 105 R.I. 680, 254 A.2d 743 (1969); *Westminster Corp.* v. *Zoning Board of Review*, 103 R.I. 381, 238 A.2d 353 (1968); *Denton* v. *Zoning Board of Review*, 86 R.I. 219, 133 A.2d 718 (1957). However, this standard is to be applied only to "true variances" or those situations in which the proposed use of the property varies from any of the uses permitted under the ordinance. *See Westminster Corp.* v. *Zoning Board of Review, supra.*

When relief is sought from regulations that govern the enjoyment of a permitted use, such as restrictions relating to side and rear yard lines, height limitations, or lot size, the applicant need not show that the enforcement of the regulations results in the deprivation of all beneficial use of the property, but rather the applicant will prevail upon a demonstration that the effect of such enforcement will amount to something more than a mere inconvenience. *H.J. Bernard Realty Co.* v. *Zoning Board of Review*, 96 R.I. 390, 394, 192 A.2d 8, 11 (1963); *Viti* v. *Zoning Board of Review*, 92 R.I. 59, 64-65, 166 A.2d 211, 213 (1960).

The principles to which we have just alluded are known in this jurisdiction as the *Viti* doctrine. We have observed that relief from area requirements may be granted either as a deviation under *Viti,* or as an exception where a zoning ordinance so provides, or as a variance under the general enabling legislation. *Sun Oil Co.,* v. *Zoning Board of Review*, 105 R.I. 231, 251 A.2d 167 (1969).

Turning to the case at bar, we are presented with a possible quandary because even if the proposed use of the easterly portion of respondents' parcel as a parking lot is a permitted use, there is some doubt that the relief from minimum lot-size requirements could be classified as being

within the class of restrictions delineated in *Viti*. If minimum square footage requirements of a lot-size proviso cannot be satisfied, the property may not be devoted to a permitted use, whereas in those instances of other types of restrictions, the full enjoyment of the property in relation to the permitted use is simply curtailed. Assuming, however, that Newport's lot-size requirement comes within the ambit of *Viti*, relief from its enforcement is specifically provided for through §78-12(b)(2) of the city's zoning board of review to modify any provision of the ordinance with respect to a specific lot of land "where by reason of exceptional shape, size, or topography * * * or other exceptional condition of the land * * * a literal enforcement of the provisions would involve substantial hardship to the applicant."

We are struck with the similarity of language between §45-24-19(c), which allows a zoning board to grant a use variance upon a showing of "unnecessary hardship," and §78-12(b)(2) of the Newport Zoning Ordinance, which permits a modification of the ordinance provisions upon proof of "substantial hardship." Although the terms "unnecessary hardship" and "substantial hardship" may be capable of precise definitions, we perceive no practical difference between them. We believe that an applicant seeking relief under either standard must demonstrate that the enforcement of whatever regulation is in question will result in a total deprivation of all benefcial use of the subject property.

Here, respondents fell far short of carrying their burden. The rear parcel lies about 200 feet to the rear of respondents' residence. The parcel is completely landscaped, and respondent husband testified that the only use he had for this portion of his property was to cut its grass. In fact, he told the zoning board: "I haven't had [a] proper use for it [the back lot] since the day I bought it." He conceded that it would be to his "financial advantage" if the board granted him relief.

The difficulty which the Smiths encounter in maintaining the property for residental use does not deprive them of all

beneficial use; they have for some years lived on the lot as a whole and apparently adapted in some fashion to the maintenance problem. A variance is not properly granted to insure personal convenience or a more profitable use of the property. As we look at the record, we are reminded of *Gartsu* v. *Zoning Board of Review*, 104 R.I. 719, 720-21, 248 A.2d 597, 598 (1968), where we said:

> " * * * the award of a variance was never intended to afford relief from a mere personal inconvenience experienced by a property owner or as a guise to guarantee such an individual a more profitable use of his property."

While *Gartsu* sought a use variance, the quoted excerpt has special significance having in mind the requirements of the Newport ordinance. We therefore find that the Superior Court justice was in error in denying petitioners' appeal based on a finding of hardship to respondents.

Even in those situations where relief from minimum lot-size restrictions is considered as an area deviation rather than a true variance, there is general agreement that

> "a variance may not be granted to the owner of a substandard lot where such lot was created by the deliberate conduct of the applicant. * * * *An area variance may not be granted to solve the problem of an applicant* who subdivided his land and sold portions of it, retaining a substandard lot, who wishes to subdivide a lot to create both a standard and a substandard lot, or *who proposed to divide his property into two substandard parcels.*" (Emphasis added.) 3 Anderson, *American Law of Zoning*, §18.57 at 299-300 (2d ed. 1977).

The legislative grant of power to boards of review so that they may award variances pursuant to the provisions of §45-24-19(c) or exceptions pursuant to the provisions of a local ordinance was never intended as a method of sanctioning conditions which do not conform because such conditions

were brought about by a landowner subsequent to the adoption of zoning regulations. *Slawson* v. *Zoning Board of Review*, 102 R.I. 552, 232 A.2d 362 (1967); *Saravo Brothers Construction Co.* v. *Zoning Board of Review*, 102 R.I. 442, 231 A.2d 9 (1967).

Further, we are not certain that the respondents could have satisfied even our most lenient standard, were it applicable, of an adverse effect amounting to more than mere inconvenience for deviation from a permitted use regulation. Enforcement of the ordinance precludes full enjoyment of the permitted residential use only because the Smiths have no special purpose for a portion of their lot and find its maintenance a chore. These reasons are insufficient to support a grant of a deviation. *See Westminster Corp.* v. *Zoning Board of Review, supra; Standish-Johnson Co.* v. *Zoning Board of Review*, 103 R.I. 487, 238 A.2d 754 (1968). Hence, there is no justification for the board's grant of relief.

The petition for certiorari is granted, the Superior Court judgment is quashed, and the records certified to this court are ordered returned to the Superior Court with our decision endorsed thereon.

*Moore, Virgadamo & Lynch, Ltd., Laurent L. Rousseau,* for petitioner.

*Corcoran, Peckham & Hayes, William W. Corcoran,* for respondent.