[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal from a Town of Smithfield Zoning Board of Review ("Board") decision. Plaintiffs seek reversal of a May 30, 1990 decision granting Richard E. and Gloria Margadonnas' ("Applicants") application for a variance. Jurisdiction of the court is pursuant to Rhode Island General Laws 1956 (1988 Reenactment) § 45-24-20.
The Applicants own a single-family home situated on a 14,400 square foot lot located at 4 Continental Road in Smithfield, Rhode Island. Said parcel is listed as lot 20 on Assessor's plat 10 and is zoned R-20. On May 9, 1990 the Applicants filed an application for a variance. They requested relief from the minimum frontage, rear yard and lot size regulations for an R-20 zone. (Variance Application at 2). The Applicants claimed that due to health and financial hardships they needed to sell part of their lot so that they could afford to continue to live in their house. (Tr. at 2). Applicants requested relief from the R-20 zone dimensional regulations so that the property could be divided in half and a buildable lot could be sold. (Tr. at 2). After a public hearing on May 30, 1990, the Board granted the request for a dimensional variance.
On August 16, 1990 the plaintiffs filed the instant action and a "Motion to Stay Granting of a Variance and the Issuance of Permits in Furtherance Thereto and to Restrain the Erection of a Building or Structure Upon Land". Plaintiffs' motion was granted on August 17, 1990. In their memorandum of law, plaintiffs have raised three issues. Plaintiffs first argue that the Board exceeded its authority under § 45-24-19 because it approved a subdivision of the Applicants' lot. Plaintiffs' next argument is that the Board applied the wrong standard when determining whether the variance should be granted and, thus, the Board committed a reversible error of law. Finally, plaintiffs argue that by granting relief from the dimensional regulations the Board made a reversible error of law. For the reasons set forth below the decision of the Board is hereby affirmed.
The Superior Court review of a zoning board decision is controlled by Rhode Island General Laws 1956 (1988 Reenactment) § 45-24-20(d), which provides in pertinent part as follows:
 45-24-20. Appeals to Superior Court
 (d) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
In reviewing a zoning board decision the Superior Court ". . . is not empowered to substitute its judgment for that of the zoning board if it can conscientiously find that the board's decision was supported by substantial evidence in the whole record". Apostolou v. Genovesi, 120 R.I. 501, 509,388 A.2d 821, 825 (1978). The requisite "substantial evidence" has been further defined in Apostolou ". . . as more than a scintilla but less than a preponderance . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion".
After a thorough review of the record, the court is satisfied that the decision of the Board is supported by the requisite substantial evidence. The Board listened to the testimony of all interested parties, and considered the nature and character of the neighborhood. Part of the testimony that the Board heard was that of Thomas O. Sweeney, a duly qualified real estate agent, who stated that after surveying the surrounding area and present uses in the immediate vicinity it was his opinion that "the proposed use would be in harmony with the neighborhood". (Tr. at 5). The Board noted, as does this court, that plaintiffs failed to rebut Mr. Sweeney's testimony with expert testimony.
Plaintiffs argue that the Board exceeded its authority under45-24-19 because it approved a subdivision of the Applicants' lot. This court finds plaintiffs' argument without merit. Clearly, the Board did not approve a subdivision of the Applicants' lot. Rather, the Board approved the Applicants' request for an area variance.
Next, plaintiffs argue that the Board should have applied the "deprivation of all beneficial use" standard rather than the "mere inconvenience" standard when it considered the application for relief.
When a landowner seeks relief from regulations that govern the enjoyment of a permitted use, such as restrictions relating to side and rear yard lines, height limitations, or lot size he or she is seeking an area deviation or what is often referred to as a "Viti" variance. Rozes v. Smith, 120 R.I. 515, 519,388 A.2d 816, 819 (1978). To obtain such a variance the Applicant has the burden of demonstrating that literal enforcement of a zoning ordinance will amount to something more than a mere inconvenience. Id., H.J. Bernard Realty Co. v. Zoning Boardof Review, 96 R.I. 390, 394, 192 A.2d 8, 11 (1963); Viti v.Zoning Board of Review, 92 R.I. 59, 64-65, 166 A.2d 211, 213 (1960). In the case at bar, the Applicants filed an application for relief from the dimensional regulations in an R-20 zone. Specifically, they requested relief from the minimum frontage, rear yard and lot size regulations. Since the Board reviewed a request for dimensional, rather than use relief, application of the "mere inconvenience" standard was proper.
Finally, plaintiffs argue that by granting relief from the dimensional regulations the Board made a reversible error of law. Plaintiffs assert that an "area variance may not be granted to solve" dimensional inadequacies created by the divisions of a parcel into two substandard parcels. The plaintiffs are, in effect, asking this court to remove from the Board its discretion to grant variances. If such an argument were allowed there would be no relief from zoning ordinances and no need for the Board to hear applications for relief. For the reasons set forth above, the decision of the Board is affirmed.
Counsel shall prepare an appropriate order for entry.