[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This civil action is an appeal by aggrieved parties, pursuant to G.L. 1956 (1991 Reenactment) § 45-24-69, as enacted by P.L. 1991, ch. 307 § 1, as re-designated, from a decision of the Zoning Board of Review of the Town of North Kingstown (hereinafter "the Board"). On September 25, 1990 the Board granted the application of William Hannifan (hereinafter "Hannifan") for a variance from Section 21-308(b) of the Revised Ordinances of the Town of North Kingstown, which requires the merger of two or more contiguous non-conforming undersized lots in the same zoning district in common ownership on or after June 23, 1980. This action was commenced on October 15, 1990. The record of the hearing before the Board was certified to Washington County Superior Court on February 13, 1991. Briefing was completed on March 12, 1991. This matter was assigned to this Justice at Providence for decision on November 26, 1993.
Hannifan and his wife own three lots in the town on Plat Map 89. Lot 153 fronts on Earl Drive and contains a single family residence occupied by Hannifan and his wife. Lots 155 and 156, the two lots with which this action is concerned front on William Street. Each has a frontage of 50 feet and a depth of 120 feet consisting of 6000 square feet. The parties apparently agree that in the absence of a variance, Section 21-308(b) requires that Lots 155 and 156 must be merged into a single parcel for zoning purposes. Lot 155 is occupied by a rental dwelling and a garage. Lot 156 is unimproved.
The law is clear that in order to be entitled to a true use variance from the provisions of a zoning ordinance, the applicant must prove that literal enforcement of the ordinance will cause unnecessary hardship. That standard can be met by a showing that such literal enforcement will deprive the landowner of substantially all beneficial use of the land to such an extent as to make the ordinance confiscatory. Rozes v. Smith,120 R.I. 515, 519, 388 A.2d 816, 819 (1978). Nevertheless, where the applicant seeks relief from regulations that govern only the enjoyment of a permitted use, such as lot size, the applicant need only show that the effect of such enforcement will amount to something more than mere inconvenience. Id; Viti v. ZoningBoard of Review, 92 R.I. 59, 64-65, 166 A.2d 211, 213 (1960).
Although the Board in this case found Hannifan satisfied the unnecessary hardship standard, there is substantial doubt that the evidence supports that conclusion. The Board apparently felt that if Lots 155 and 156 were merged, Hannifan would be deprived of substantially all beneficial use of Lot 156, on which he wanted to erect a dwelling house for his daughter. The test should not be applied to each of the merged lots separately, but to the combined parcel after merger. In other words, to be entitled to a true use variance, the applicant must show that even after merger, the landowners are left with no beneficial use of the merged parcel. In this case no reason appears why Lot 156 cannot be used as a side yard for the structures on Lot 155 after the two lots are merged.
Relief from merger provisions such as the one here in issue involve the application of the Viti doctrine, since the same issues are at stake. The merger provision in this ordinance is simply another way to enforce lot size provisions in the ordinance. If Lot 156 were owned by a third-party, the Viti
doctrine would plainly apply.
A careful review of the record demonstrates that this landowner will suffer more than a mere inconvenience by the enforcement of the merger provision in this ordinance. Even though the Board applied the wrong standard to the Hannifan's application for a variance, it nevertheless reached the correct result. Cf. Jordan v. Jordan, 586 A.2d 1080, 1085 (R.I. 1991). The plaintiffs have not appealed from the Board's granting of an exception to the street frontage requirements of the ordinance.
The decision of the Board is affirmed. The defendants will present a form of judgment for entry on notice to the plaintiff.