[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal under G.L. 1956 (1991 Reenactment) §45-24-69 from the decision of the defendant Zoning Board of Review of the City of Cranston, which on December 12, 1990 denied the plaintiff's application for permission to remove a restriction imposed by the defendant by an earlier decision on September 23, 1987 requiring a two-car garage in the lower level of a single family raised ranch type dwelling. This action was filed in this Court on January 2, 1991. The record of proceedings were certified to this Court on February 18, 1992. Briefing was concluded on August 20, 1993. The matter was referred to this Justice for decision on December 8, 1993. Although the defendants have been diligent in their efforts to dispose of this appeal, delays have been permitted because the plaintiff has been attempting to proceed without the assistance of counsel.
Although the plaintiff applied for an exception or variance from the provisions of the City's ordinance, neither party has cited or quoted the provisions of the ordinance which applies to the plaintiff's application. It would appear, however, from the reasons given by the defendants for their decision that they treated the application as one for a variance under § 45-24-19. It is well-established that in order to be entitled to a variance a petitioner must demonstrate that adherence to the zoning ordinance will cause unnecessary hardship, which will exist when restricting the property to its permitted uses deprives the owners of all beneficial use so that granting a variance is necessary to avoid an indirect confiscation of the property. OKProperties v. Zoning Board of Review of the City of Warwick,601 A.2d 953, 954-55 (R.I. 1992).
The plaintiff asserts that enforcement of the restrictions requiring him to construct a two-car garage underneath the dwelling will cause him unnecessary hardship because he has already built a one-car garage underneath in reliance on a building permit issued by the City's building inspector after, and apparently in spite of, the defendants' prior decision. Although the defendants contend that the plaintiff obtained the permit fraudulently, the evidence is conflicting as to how the permit came to be issued, and the defendants made no finding of fact one way or the other in their decision. In any event, the plaintiff is not entitled to rely on an unlawfully issued building permit. Almeida v. Zoning Board of Review of the Townof Tiverton, 606 A.2d 1318, 1321-22 (R.I. 1992); Town ofCharlestown v. Beattie, 422 A.2d 1250, 1252 (R.I. 1980).
The cost of compliance with the restriction legitimately imposed by the defendants in 1987 is now as great as would appear from the evidence only because the plaintiff chose to defy the defendants' decision and to rely instead on the unlawfully issued permit without inquiry. Any hardship is plainly self-imposed. The plaintiff is not entitled to a variance because of a hardship he created for himself. See Rozes v. Smith, 120 R.I. 515, 521-22, 388 A.2d 816, 820 (1978).
Accordingly, the plaintiff's appeal is denied and dismissed. The decision of the defendant is affirmed. The defendant will present a form of judgment for entry on notice to the plaintiff.