DECISION
This instant matter has arisen from several decisions of the defendant, North Providence Zoning Board of Review, ultimately granting the request of Gerald and Donna Florio, defendants, for zoning relief. Jurisdiction is pursuant to R.I.G.L. 1956 (1991 Reenactment) § 45-24-69. Both appeals have been consolidated for purposes of this review. R.I. Super. R. Civ. P. 42; see also 1 Kent, R.I. Civ. Prac. § 42 at 338 (1969).
Facts/Travel
Originally, on October 10, 1990, Maria Salvatore, the predecessor in title to the lots in dispute, petitioned the defendants, North Providence Zoning Board of Review ("Board"), for a variance to sever a lot located in North Providence and to build a duplex on the severed vacant portion. The subject property is identified on Assessor's Plat 10 as Lots numbered 570 and a portion of 571 located in a residential general zone (R-G Zone). The disputed lot consists of 6,679 square feet. On January 21, 1991, after a public hearing without objections, the Board granted Salvatore a variance and found that the proposed duplex would not be detrimental to the surrounding neighborhood.
In June, 1991, Salvatore conveyed the subject property to the defendants, Gerald and Donna Florio. The Florios purchased the property with the understanding that a duplex could be constructed on the vacant 6,679 square foot lot.
In July, 1992, Salvatore conveyed Lot 572, which already contained an existing duplex dwelling, and the remaining portion of Lot 571 to the plaintiff, John Gibau.
Unbeknownst to the Florios, the original variance for the proposed duplex construction on the subject property had expired. After discovering the defect, the Florios petitioned the Board for relief. However, the Florios' 1993 application did not seek a new variance. Instead, the Florios requested an "extension" of Salvatore's previous variance. (Tr. Oct. 21, 1993 at 2). Without presenting any expert testimony, the Florios submitted a "package" to the Board and reiterated that they sought only a continuation of the 1991 variance. (Tr. Oct. 21, 1993 at 3).
At the October 21, 1993 hearing, the plaintiff objected to the Florios' application and in addition, submitted a petition from surrounding neighbors who objected to the construction as well. After hearing all testimony, the Board voted to grant an "extension" to the Florios. Subsequently, the plaintiff filed his initial appeal (P.C. No. 93-6300).
On May 31, 1994, the Florios filed another petition seeking zoning relief with respect to the subject property. This application, however, sought a new variance to erect a larger duplex on the lot due to a subsequent change in circumstances. The Board held a hearing on June 30, 1994. Once again, the Florios presented the Board with a "package" seeking relief. (Tr. June 30, 1994 at 3).
At this hearing Mr. Florio testified regarding the reasons for expansion and the character of the surrounding neighborhood. Next, a real estate expert testified regarding the compatibility with and effect of the proposed variance on the surrounding neighborhood. Finally, the Florios called a traffic engineer to submit a report and testify to the increase in traffic volume with the proposed use. In addition, several neighboring landowners spoke in opposition to the proposed variance.
At the close of testimony the Board voted and granted the Florios' application for a variance to build a larger duplex. The Board determined that the proposed duplex would not be detrimental to the neighborhood. Furthermore, the Board stated that the requested relief would conform with the surrounding area since the area had mostly multi-family dwellings. The instant appeal (P.C. No. 94-4454) followed.
Standard of Review
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69 (D) which provides:
 45-24-69. Appeals to Superior Court
 (D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
When reviewing a decision of a zoning board, a Justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence.Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d at 824-25). On review, the Supreme Court examines the record to determine whether "competent evidence" supports the Superior Court judge's decision. R.J.E.P.Associates v. Hellewell, 560 A.2d 353, 354 (R.I. 1989).
I. The Salvatore Variance
Initially, this Superior Court's review of the record indicates that the Board originally granted a variance to Maria Salvatore which permitted her to sever a portion of Lot 571 and to construct a duplex on Lot 570 and the severed portion of Lot 571. (See Defendants' Exhibit A and B). The record reveals that the combined property consisted of 6,679 square feet, an undersized lot for the proposed duplex.
In the initial appeal of the Board's grant of an "extension" to the Florios (P.C. No. 93-6300), the plaintiff objected to said variance relief to Salvatore, contending that Salvatore presented insufficient evidence to satisfy her burden of proof for the requested zoning relief. Rhode Island law specifically provides that an aggrieved party may appeal a decision of the zoning board of review to this Superior Court within twenty days of thedecision. R.I.G.L. 1956 (1991 Reenactment) § 45-24-69 (emphasis added). Accordingly, the Board's grant of a variance to Salvatore is not before this Court at this time.
II. The Florios' "Extension"
Specifically, the plaintiff avers that the Florios should have sought a new variance since the previous Salvatore grant had expired. Therefore, plaintiff argues that the Florios should have presented new evidence at the hearing, rather than merely submitting a "package" to the Board.
G.L. 1956 (1992 Reenactment) § 45-24-44 specifically provides that once an application for development has been approved, then reasonable time limits shall be set within which development of the property must begin and within which development must be substantially complete. Pursuant to that provision, article X, § 4(G) of the North Providence Zoning Ordinance establishes specific time limits for the expiration of a variance. That pertinent provision states that a variance ". . . shall expirenine (9) months from the date of approval by the board unless
the applicant who has been granted relief obtains a buildingpermit and is actively engaged in the project's construction . . . ." See North Providence Zoning Ordinance art. X, § 4(G) (emphasis added).
The Florios' September 24, 1993 application sought an "extension" based upon article X, § 4(G). (See Plaintiff's Exhibit C at 2). After examining the general laws and the North Providence ordinance provisions, this Court finds that the Board acted in excess of the authority granted to it both by ordinance and statute in granting said "extension." The language of the ordinance's expiration provisions is clear and unambiguous. Here, the Florios have failed to meet the specific mandate of the ordinance and have requested an "extension," which the Board has no authority to grant.
In the present appeal, it is undisputed that the original Salvatore variance has expired because the nine month time period has passed. Further, the record reveals that the Florios have failed to obtain a building permit and initiate construction as required under the ordinance. Therefore, pursuant to the unambiguous language of this provision the Salvatore variance had expired, necessitating the Florios to seek a new variance and provide additional testimony to establish a need for a variance in accordance with the zoning ordinance. Accordingly, the "package" which the Florios submitted to the Board was insufficient as whatever entitlement the Florios believed they possessed from the original Salvatore variance had expired.
This Superior Court's decision on this issue is not dispositive of the entire case, however. By filing another petition with the Board for a new variance in May, 1994 and introducing additional testimony, the Florios carried the burden of showing that without the requested relief they would suffer more than a mere inconvenience.
III. The Florios' 1994 variance
The plaintiff has filed a timely appeal of the Board's 1994 decision granting a variance to the Florios to construct a larger duplex on the subject property under article X, § 3(A) (3) of the North Providence Ordinance (P.C. No. 94-4454). In the present case, the Florios wanted to build a larger duplex dwelling in a R-G zone, a permitted use, and seek relief from the minimum lot size requirement of 10,000 square feet. See North Providence Zoning Ordinance art. III, § 1. Thus, the Florios' requested relief from regulations that govern the enjoyment of a permitted use is classified as a Viti variance. See Rozes v. Smith,120 R.I. 515, 519, 388 A.2d 816, 819 (1978).
It is well established that a person seeking zoning relief from dimensional requirements must establish that enforcement of the zoning ordinance constitutes "something more than a mere inconvenience." Id. The Rhode Island Legislature has interpreted this standard to mean that the applicant must show that there is no other reasonable alternative to enjoy a legally permitted beneficial use of one's property. See
R.I.G.L. § 45-24-41(D) (2) (emphasis added). The fact that a use may be more profitable or that a structure may be more valuable after the relief is granted shall not be grounds for relief.Id. Further, it is also well-settled that a variance is not properly granted to insure personal convenience. See Rozes v.Smith, 120 R.I. 515, 521, 388 A.2d 816 (1978). Where a variance is appropriate, however, the Zoning Board of Review must grant the least relief necessary. R.I.G.L. § 45-24-41 (C) (4).
The Florios argue that they presented substantial evidence to entitle them to the variance. The record, however, substantiates a contrary finding. In the instant action, the Florios stated at the hearing that they wished "to put on a more elaborate and bigger house and one which is basically going to cost more money and enhance the neighbor[hood]." (Tr. June 30, 1994 at 4). Also, Mr. Florio testified that he just wanted "my bedroom and living room to be bigger. I have a king size bed that I would like to fit in the bedroom." (Tr. June 30, 1994 at 9). It is clear from this Superior Court's reading of the record that the Florios' application was to ensure personal convenience.
The Florios, however, did present additional testimony. J. Clifden O'Reilly, a real estate expert, testified that the proposed structure would "help maintain the balance in the area, tending to upgrade because it's brand new construction, the value of the same of the surrounding properties," and concluded that the subject property would have "no adverse effect on the immediate surrounding property or the town of North Providence as a whole." (1994 Tr. at 12-13). Next, Deiodre Paiva, a traffic engineer submitted a traffic impact analysis with the proposed construction and testified that between a two family house and a single family house "there is a relatively small increase with the two uses." (1994 Tr. at 15-16).
After a review of the record, the Court finds that the Florios' additional testimony fails to satisfy the required `more than a mere inconvenience' standard. The evidence that the Florios presented to the Board did not show that there were no other reasonable alternatives to enjoy a legally permitted beneficial use of one's property, as required pursuant to R.I.G.L. § 45-24-41 (D)(2).
The record discloses that the Board had before it evidence that another reasonable alternative existed. The plaintiff argued at the hearing that "[t]hey could put a single family dwelling there, it's a 6,600 square foot lot. No one is looking at Mr. Florio and saying we don't want you to be able to do anything with your lot; you can put a single family dwelling." (Tr. June 30, 1994 at 24). The Board in allowing the variance to construct the proposed duplex on the undersized 6,679 square foot lot failed to grant the least relief necessary as required under R.I.G.L. § 45-24-41(C)(4).
Lastly, the Florios attorney argued that "[a]nd again, you know, [Mr. Florio has] incurred substantial hardship, I know financial. To him it's not a matter of more money, it's a matter if he can't build a duplex, he can't live there, he needs the rent in order to have that." (Tr. June 30, 1994 at 46). It is well settled, however, that a more profitable use or that a structure may be more valuable after the relief granted shall not be grounds for relief. R.I.G.L. § 45-24-41(D) (2).
After a review of the entire record, the Court finds that the North Providence Zoning Board of Review's decision to grant the Florios' variance was not supported by reliable, probative, and substantial evidence of record and the plaintiff's rights have been thereby prejudiced. Accordingly, the July 27, 1994 decision of the North Providence Board is hereby reversed.
Counsel shall submit the appropriate order for entry.