DECISION
This case is before the Court on appeal from a decision of the City of Warwick Zoning Board of Review (Zoning Board) pursuant to § 45-24-69 of the Rhode Island General Laws 1956 as amended. The plaintiffs, Robert and Mary Fallon, along with Karen and Richard Van Tienhoven, here seek reversal of the Board's decision made on September 20, 1994, and filed on January 11, 1995. In its decision, the Board granted the application of Elwood and Martha Farber, the plaintiffs' neighboring landowners, who sought a variance from § 403.1 the Warwick Zoning Ordinance for Lot 190 on Assessor's Plat 306 in Warwick, Rhode Island.
Before the Court are (i) the certified records on appeal, including the Zoning Board's decision, exhibits, and transcript of the hearing held on September 20, 1994 and (ii) memorandum of counsel.
Facts/Travel
In September of 1988, Elwood and Martha Farber bought Lot 191 on assessor's plat 306 in Warwick, Rhode Island. (See Plaintiffs' Memorandum of Law at 3.) The lot contained a single family dwelling. (Id.) In November of 1988, the Farbers purchased Lot 190 on plat 306, a parcel abutting their property. (Id.)
Under the Warwick Zoning Ordinance, Lots 190 and 191 are located in a residential zoned district designated A-10, which means each lot requires a minimum area of 10,000 square feet with a minimum frontage and width measurement of 100 feet. See Table 2, § 302 of the Warwick Zoning Ordinance (June 1988). Lot 190 contains only 95 feet of the necessary frontage, while Lot 191 has only 70 feet of frontage. (See Plaintiffs' Memorandum of Law at 2.) The Ordinance also contains a merger provision which provides,
 "Abutting nonconforming lots. I[f] two (2) or more abutting nonconforming lots are held in the same ownership either at the time of or subsequent to the effective date of this ordinance or any amendment thereto, such lots shall be combined for the purposes of this ordinance in order to conform or more nearly conform to any of the dimensional requirements of this ordinance for the district in which the lots are located and such lots shall not be sold separately." (emphasis added) § 403.1 of the Warwick Zoning Ordinance (June 1988).
In 1992, Elwood Farber was transferred to a job in Cincinnati, Ohio, where he and his wife Martha currently reside. (See Plaintiffs' Memorandum of Law at 4). In October 1993, the Farbers sold Lot 191 to the Van Tienhovens. Id.
On February 5, 1994 the Farbers filed a petition with the Warwick Zoning Board of Review for subdivision and variance from the Warwick Zoning Ordinance for Lot 190. Id. In their application, the Farbers requested permission to subdivide Lot 190 from Lot 191 (which they had already purported to do by conveying Lot 191 to the Van Tienhovens in October 1993.) To support their request the Farbers argued that a denial of the requested variance would create an undue hardship by depriving them of all beneficial use of Lot 190. (See Application dated February 5, 1994.)
After proper notice and advertisement, the matter was heard by the Warwick Zoning Board of Review on September 20, 1994. The Board voted at the meeting to grant the Farbers request for relief from the Zoning Ordinance. On January 11, 1995 a written decision was issued by the Board explaining the basis for its decision. The instant, timely appeal followed.
On appeal, the plaintiffs argue that the Board's decision violates the clear dictates of the Rhode Island General Laws and the Warwick Zoning Ordinance. Specifically, the plaintiffs contend that the Board's decision is affected by error of law.
Standard of Review
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69(D), which provides:
 "45-24-69. Appeals to Superior Court
 (D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence. Apostolouv. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d at 824-25). The Superior Court is required to uphold the agency's findings and conclusions if they are supported by competent evidence. Rhode Island PublicTelecommunications Authority, et al v. Rhode Island LaborRelations Board, et al., 650 A.2d 479, 485 (R.I. 1994).
The Applicability of the Merger Doctrine
The doctrine of merger generally entails the combination of two or more contiguous lots of substandard size that are held in common ownership in order to meet the minimum-square-footage requirements of a particular zoned district. R.J.E.P. Associatesv. Hellewell, 560 A.2d 353 at. 355 (R.I. 1988) (citing toDedering v. Johnson, 307 Minn. 313, 239 N.W.2d 913 (1976). Substandard contiguous lots cannot be developed as individual nonconforming lots unless the landowner applies for a variance or an exception. Id. In order for a variance to issue, a landowner must show by probative evidence that a literal application of the zoning ordinance would cause a deprivation of all beneficial use of the property. Id.
This Court is satisfied that under the plain and unambiguous language of § 403.1 of the Warwick Zoning Ordinance, the subject lots did in fact merge in November of 1988. The record indicates that adjacent lots were in the same ownership at that time and thus were merged in accordance with the Ordinance because of their lack of requisite frontage.
Section 904.2 of the Warwick Zoning Ordinance provides the Board of Review with the power to grant variances. It states:
 "Variance. To authorize upon appeal in specific cases such variances in the application of the terms of this ordinance as will not be contrary to the public interest where, owing to special conditions, a literal enforcement of the provisions of this ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done. In considering variances the zoning board of review shall make the following determinations:
 . . . .
 (D) The unnecessary hardship which an applicant seeks to avoid shall not have been imposed by any prior action of the applicant or previous owners of the property for which a variance is being sought. Such hardship shall arise only from special or particular site conditions or features of the land in question rather than merely form the desire to realize greater monetary gain." § 904.2 of the Warwick Zoning Ordinance. (June 1988); see also
R.I.G.L. 1956 (1991 Reenactment) § 45-24-41.
In addition, it is well-settled that a variance may not be granted to the owner of a substandard lot where such lot was created by the deliberate conduct of the applicant. Rozes v.Smith, 120 R.I. 515, 521, 388 A.2d 816, 820 (1978).
In the instant matter, Mr. Farber testified before the Board that prior to his purchase of Lot 190 he was assured by a member of the Warwick Planning Department that Lot 190 was a buildable lot. (Transcript at 2). Mr. Farber also explained that he discussed the possibility of selling the lot in question with his neighbors, but they were not interested. Id. The Farbers also presented a real estate expert, Francis J. McCabe, at the September 20, 1994 hearing. Mr. McCabe testified that the variance requested was reasonably necessary for the full enjoyment of the property. (Transcript at 4.) Mr. McCabe also testified that it was his opinion that the proposed building was in harmony with the zoning ordinance and with the character of the neighborhood and that the granting of the variance would not diminish the use, value, or enjoyment of the surrounding properties. (Id.) The Board also heard from several objectors, including Robert Fallon, an adjacent landowner who expressed concern over the effect the proposed subdivision would have on the value of his property.
After the hearing the Board made several findings, including the following facts:
 "4. The petitioner sold the abutting parcel of land, Assessor's Lot 191, on October 29, 1993. The petitioner did not sell the subject lot 190. Lot 190 is presently owned by the petitioner and his wife.
 5. By selling the abutting lot 191 the petitioner created on illegal subdivision. The subject parcel of land, lot 190, is a nonconforming lot, and should have been merged with 191 to conform with Section 403. 1 (Abutting Non-conforming Lots) of the Warwick Zoning Ordinance." (Record at 10.)
After reviewing the record, this Court finds that the decision of the Warwick Zoning Board is affected by error of law. The granting of a variance clearly is not allowed. Since Lot 190 and Lot 191 did merge pursuant to § 403.1 of the Warwick Zoning Ordinance, the Farbers improperly conveyed Lot 191 to the Van Tienhovens. As a result, relief was improperly granted. While the Court is sympathetic with the applicant's position, it is clear from the record that the applicant failed to satisfy the requirements for a true variance. Furthermore, this Court is aware that this decision may impact the effectiveness of the conveyance of Lot 191 to the Van Tienhovens in 1993. That issue, however, presently is not before the Court.
Accordingly, this Court finds that the decision of the Zoning Board was affected by error of law. For the reasons stated herein the decision of the Zoning Board of Review of the City of Warwick must be and hereby is reversed.
Counsel shall prepare the appropriate judgment for entry.