DECISION
This is an appeal from a decision of the Zoning Board of Review for the Town of North Kingstown. The plaintiff seeks reversal of the Board's decision granting a variance to build a single family residence on a substandard lot. Jurisdiction in this Court is pursuant to G.L. 1956 (1991 Reenactment) §45-24-69.
Facts/Travel
In 1973, George and Joan Ogley purchased two contiguous lots on Fletcher Road in the Town of North Kingstown designated Assessor's Plat 161, Lots 10 and 14. (6/27 Zoning Board Tr. at 3.) On March 27, 1992, the Ogleys conveyed Lot 10 and the house thereon to John Patterson (plaintiff) and retained Lot 14, an unimproved lot, the dimensions of which are 30,030 square feet in area, 210 feet in depth and 150 feet frontage. Id; Application for Variance dated February 1995. Lot 14 is in a Neighborhood Residential District, a zoning district which was established to promote low density neighborhood growth and has the following minimum requirements for one-family dwellings: a lot area of 40,000 square feet, a lot depth of 200 feet and a lot frontage of 180 feet. (6/27 Zoning Board Tr. at 3; Article IV Table 2A, Zoning Ordinance of North Kingstown.)
In 1992, the Ogleys applied to the North Kingstown Zoning Board of Review (Zoning Board) for a variance from the merger provisions under § 21-308(b)(1) of the Zoning Ordinance in order to build a house on Lot 14. The Zoning Board granted the relief, but the decision was reversed by this Court on appeal because the Zoning Board had "erred in granting" the applicants a variance. See Lifestyle Homes. Inc. v. John Gibbons, et al, C.A. WC 92-549, August 30, 1993, Gagnon, J.
On May 3, 1995, the Ogleys applied for a replat of Lot 14 to the Platting Board of Review which granted them a "variance to a lot merger provision of the Zoning Ordinance to create a nonconforming lot." (5/23 Platting Board Tr. at 4.) Thereafter, the Ogleys applied to the Zoning Board for a variance to allow construction of a single family home on Lot 14. (7/25 Zoning Board Tr. at 1.) At a properly advertised, scheduled hearing, the Zoning Board approved the petition.
The plaintiff filed a timely appeal to this Court asserting that the Zoning Board's decision will cause irreparable harm to the plaintiff's property rights and that the decision does not meet the standard of review provided by G.L. 1956 (1991 Reenactment) § 45-24-69.
Standard of Review
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69 (D), which provides:
 "45-24-69. Appeals to Superior Court
 (D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence. Apostolouv. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citing Apostolou, 120 R.I. at 507, 388 A.2d at 824-25). On review, the Supreme Court examines the record to determine whether "competent evidence" supports the Superior Court judge's decision. R.J.E.P.Associates v. Hellewell, 560 A.2d 353, 354 (R.I. 1989).
Subdivision of Land
The applicant properly points out that the Platting Board's grant of a variance from merger provisions is not before this Court for review because the power to create subdivisions rests with the Planning Board. Rhode Island General Laws and the Charter of the Town of North Kingstown grant the power to regulate subdivisions to the Planning Commission. G.L. 1956 (1991 Reenactment) title 45, ch. 23; Charter of the Town of North Kingstown, art. III, 805. In addition, the General Laws state that where an applicant requires both planning board approval for a subdivision and relief from a local zoning ordinance, the applicant may first obtain conditional planning board approval, but then also contemplates that the applicant will obtain conditional zoning board relief. § § 45-23-61(1). Thus, once conditional approval for a subdivision is granted by the planning board, the applicant must go before the zoning board to request a variance if the proposed building lot is substandard.Sawyer v. Cozzolino, 595 A.2d 242, 247 (R.I. 1991).
Although the language used by the Platting Commission grants a "variance to a lot merger provision of the Zoning Ordinance to create a nonconforming lot," it is clear from the record that the Platting Board intended to approve a replat of Lot 14 as a subdivision. (5/3 Platting Board of Review Tr. at 3.) The record demonstrates that the Platting Board understood its authority extended only as far as granting the necessary variances to create a subdivision while the Zoning Board granted the necessary variances from the Zoning Ordinance. One Board member noted that "Platting Board approval for a replat must be granted prior to appearing before the Zoning Board." (5/3 Platting Board of Review Tr. at 3.) The subdivision which was granted does not meet the minimum dimensions required by the Zoning Ordinance, lacking more than 9,000 square feet in area and 30 feet in frontage. Thus, although the subdivision has been approved by the Planning Commission, a variance is necessary in order for an applicant to build on the subject lot.
Section 21-311 of the North Kingstown Zoning Ordinance provides in pertinent part:
 "(d) Subdivision of merged lots: a lot which has been created by the merger of two (2) or more nonconforming lots may be subdivided or combined with other lots and subdivided, provided that the following requirements are met, and further, that approval is given by the planning commission.
 (f) Subject to the provisions of subsection (g) below, in any zoning district in which single-family dwellings are permitted, a single-family dwelling may be erected on a nonconforming lot as to size or on a lot resulting from the combining or the combining and replatting of two (2) or more contiguous lots in accordance with subsection (e) above in accordance with the following:
 . . . .
 (2) Where such a lot contains ten thousand (10,000) square feet or more, a single-family dwelling may be erected thereon; provided, that no interior side yard on such lot shall be less than fifteen (15) feet and that building setbacks and rear yards shall be in conformity with the provisions of this chapter."
After reviewing the record, this Court is satisfied that the decision of the North Kingstown Zoning Board is supported by supported substantial evidence. The Board made findings that the granting of the variance would not alter the general character of the surrounding area. (7/25/95 Record at 1.) Furthermore, the Board found that it would not constitute a granting of a special privilege that would be inconsistent with other properties in the vicinity. (7/25/95 Record at 1.)
The applicant points out that the Zoning Board's grant of a dimensional variance was proper because denial of the requested relief would amount to more than a mere inconvenience in that they would not be allowed to construct a home on their property. The Viti variance, also known as a deviation, offers relief to a landowner from area restrictions where enforcement would deprive an owner of a use otherwise permitted under the zoning ordinance.Viti v. Zoning Board of Review of the City of Providence,92 R.I. 59, 166 A.2d 211 (1960). When dimensional relief is sought, the applicant need not show that the enforcement of the regulations results in the deprivation of all beneficial use of the property, but rather that the effect of such enforcement will amount to something more than a mere inconvenience. Rozes v. Smith,120 R.I. 515, 522, 388 A.2d 816 (1978). See also Sawyer v. Cozzolino,595 A.2d 242, 247 (R.I. 1991).
Accordingly, after reviewing the entire record, this Court finds that there is substantial, reliable, and probative evidence supporting the decision of the North Kingstown Zoning Board of Review. Thus, the July 25, 1995 decision is hereby upheld.
Counsel shall prepare an appropriate judgment for entry.