DECISION
Before the Court is an appeal from a decision of the Zoning Board of Review for the City of Warwick (Board). Dennis Dotson (Plaintiff) seeks a reversal of the Board's April 1, 1994 decision granting variances for both lot size and setback requirements to abutting landowner James Caroselli. Jurisdiction is pursuant to G.L. 1956 (1991 Reenactment) § 45-24-69.
 Statement of Facts
The plaintiff is the owner of a certain parcel of real estate described as Lot 178 on Assessor's Plat 365 located on Shattock Avenue in the City of Warwick. Caroselli owns abutting lots 176-177. The three lots were previously owned by William O'Connell, who had purchased them individually in the mid 1980's. On or about January 17, 1990 O'Connell sold Lot 178, which contained an existing dwelling, to the plaintiff. O'Connell then sold Lots 176 and 177 to Caroselli on December 13, 1991. The subject property is in an area zoned Residential A-10. Lots 176 and 177 contain approximately 9,400 square feet in total, 600 square feet less than the minimum 10,000 square foot requirement. In addition, the property is located on an enbankment which runs on a steep slope down to the waters of Apponaug Cove. This further reduces the actual buildable area, and as a result, the proposed structure also fails to meet frontal, width, side street, and coastal setback requirements. Caroselli filed an application with the Board seeking a dimensional variance so he could construct a single family home on the lots.
At the April 12 hearing, Caroselli testified as to the dimensions of his property and noted that the lots in the area averaged 7500 square feet with a 75 foot frontage. Caroselli further stated that "everybody that is in that area has built almost right upon the coastal bluff," and that he wasn't asking for anything out of the ordinary for the area. The Board noted that the Planning Department had no objection to the petition and that ISDS approval had already been granted.
The Board also heard testimony from three area residents who opposed the petition. The objectors included Dennis Dotson, the within plaintiff, who testified that he had measured Caroselli's lots with a tape measure, and he stated that the dimensions shown in Caroselli's plan were substantially incorrect. The Board pointed out that Dotson was not an engineer and accepted the lay testimony for what it was worth. Plaintiff further argued that Caroselli knew, or should have known, when he bought the lot that it was an undersized lot.
After considering the testimony and evidence before it, the Board granted the petitioner a variance, finding that denial of the variance would amount to more than mere inconvenience because a single-family dwelling could not reasonably be located on the lot without the requested variances. Further, the Board found that the proposal would not be inimical to the public health, safety, or welfare and would not be detrimental or injurious to the use, value, or enjoyment of the neighboring properties. Most importantly, the Board found that ". . . the prior owner of the subject property had illegally subdivided the two subject lots from the abutting property," and ". . . petitioner is trying to correct the illegal subdivision." (Board decision Petition #7231 findings 4 and 5). The Board also noted that most of the homes in the area were on lots the same size or smaller and are occupied as single-family dwellings. The instant appeal followed.
 Standard of Review
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69(D), which provides:
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence. Apostolouv. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d 824-25). The reviewing court "examines the record below to determine whether competent evidence exists to support the tribunal's findings." New EnglandNaturist Ass'n Inc. v. George, 648 A.2d 370, 371 (R.I. 1994) (citing Town of Narragansett v. International Association of FireFighters, AFL-CIO. Local 1589, 119 R.I. 506, 380 A.2d 521 (1977).
 The Applicability of the Merger Doctrine
The doctrine of merger generally entails the combination of two or more contiguous lots of substandard size that are held in common ownership in order to meet the minimum square-footage requirements of a particular zoned district. Under the Warwick Zoning Ordinance, Lots 176, 177, and 178 were located in a residential zoned district designated A-10, which meant that each lot required a minimum area of 10,000 square feet. See § 301.4 of the Warwick Zoning Ordinance (June 1988). Lot 178 measures 7,500 square feet. Lots 176 and 177 measure 4,600 square feet and 4,800 square feet respectively, and total 9,400 square feet. The ordinance also contains a merger provision at Section 403.1 which provides:
 "If two (2) or more abutting nonconforming lots are held in the same ownership either at the time of or subsequent to the effective date of this ordinance or any amendment thereto, such lots shall be combined for the purposes of this ordinance in order to conform or more nearly conform to any of the dimensional requirements of this ordinance for the district in which the lots are located and such lots shall not be sold separately." (Emphasis added.)
Under the plain and unambiguous language of this ordinance, the subject lots merged in June of 1988 when the ordinance was enacted. The subject lots were in the same ownership at that time and thus the three merged and became a single parcel of land because of their lack of requisite square-footage. As evidenced by the record, by selling Lot 178 to the within plaintiff in January of 1990, O'Connell created an illegal subdivision, and O'Connell's later sale of Lots 176 and 177 to Caroselli was further illegal.
To subdivide a lot one must apply to the planning board. "The planning board has authority to regulate the sale of real estate if the sale constitutes a subdivision within the definition of § 45-23-1." Sawyer v. Cozzolino, 595 A.2d 242 (R.I. 1991).
Rhode Island General Law § 45-23-1 reads, in pertinent part:
 (c) Division of a lot, tract, or parcel shall not be subject to the provisions of this chapter if each lot, tract, or parcel resulting from the division meets all of the following conditions:
 (A) An area and dimension at least equal to that required by the subdivision regulations and/or zoning ordinance applicable to the land, whichever is the greater;
Because the division created by O'Connell in 1990 did not satisfy this first condition, the division was subject to the provisions of Chapter 23 of Title 45. As such, the planning board had initial jurisdiction. See Sawyer at 247. Accordingly, this Court finds that the Board acted in excess of both its' statutory and ordinance authority in granting Caroselli's petition for a variance. Zoning relief cannot be used to subdivide land. Rozesv. Smith, 120 R.I. 515, 338 A.2d 816 (1978).
As noted above, the Board recognized that a prior illegal subdivision had occurred and it considered the variance request as an attempt to "correct" the problem. Here, the planning board indicated that it had no objection to Caroselli's request. Curiously, with respect to this same subdivision, the planning board sent a "Notice of Violation" to the within plaintiff, in which it indicated that his lot (Lot 178) was involved in an illegal subdivision, and as a result ". . . any future transfer to another ownership" was in jeopardy, and that Section 1005 of the Warwick Zoning Ordinance called for further penalty.
The record reveals that Lot 178 was never properly divided from Lots 176 and 177. After review of the entire record, this Court finds that the decision of the Board was in excess of authority granted to it by statute or ordinance, and substantial rights of the plaintiff have been prejudiced. Accordingly, the decision of the Board is hereby reversed.
Counsel for the prevailing party shall prepare an appropriate order.