Before the Court is an appeal from a decision of the Zoning Board of Review for the City of Warwick (Board). Frank Miale (plaintiff) seeks a reversal of the Board's January 11, 1995 decision denying his petition to subdivide and for a variance. Jurisdiction is pursuant to G.L. 1956 (1991 Reenactment) §45-24-69.
 Statement of Facts
The plaintiff is the owner of a certain parcel of real estate described as Lot 77 on Assessor's Plat 307 located at the corner of Balsam Street and Shippen Avenue in the city of Warwick. The property measures approximately 5,000 square feet and is zoned Residential A-10. The plaintiff purchased the property on April 2, 1990.
The record indicates to this Court that the previous owner of lot 77 was Mr. Ronald Berard. What is further evident from the facts of record is that whoever sold Lot 77 to plaintiff also owned abutting lot 76. Lot 76 measures 5,000 square feet and contained a single-family dwelling. In November of 1990. Lot 76 was sold to its present owners, Mr. and Mrs. Lorden. The prior owner had purchased both lots in 1983, and both lots had been held in common ownership since 1945. Plaintiff filed a petition to the Board on December 10. 1993. seeking to subdivide Lot 77 from Lot 76 and seeking an exception or variation to allow the construction of a single-family home on Lot 77. Plaintiff sought a variance from both the lot size and setback requirements of the Zoning Ordinance.
Plaintiffs petition was heard on October 18, 1994. Plaintiff was represented by an attorney who testified on his behalf. The Board also heard testimony on plaintiffs behalf from Mr. Robert Pelosi, who the board accepted as a real estate expert. Pelosi testified that in his opinion the proposed structure would have no detrimental effect on the neighborhood whatsoever and the lot size was consistent with a number of other lots in that neighborhood.
The Board also heard opposing testimony from neighboring landowners, including Mr. and Mrs. Lorden who owned Lot 76. In addition, also read into the record was a letter from the Planning Board recommending denial of plaintiffs petition because it felt that "Based on the cities [sic] zoning regulations the parcel was illegally separated in 1990 when Lots 76 and 77 were sold to different owners." Plaintiffs petition was denied, and a written decision was issued on January 19, 1995. Plaintiff filed the within, timely appeal on January 30, 1995.
On appeal the plaintiff argues that the Board's decision was in contravention of governing law and did not take into consideration the facts produced during the hearing. Specifically the plaintiff notes that he is seeking a dimensional variance and argues that such can and should be granted when a petitioner can show that denial of his petition will leave the property without any other reasonable alternative use.
 Standard of Review
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69(D), which provides:
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 "(1) In violation of constitutional, statutory or ordinance provisions;
 "(2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 "(3) Made upon unlawful procedure;
 "(4) Affected by other error of law;
 "(5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 "(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence.Apostolou v. Genovesi, 120 R.I. 501. 507, 388 A.2d 821. 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 617 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d 824-25 The reviewing court "examines the record below to determine whether competent evidence exists to support the tribunal's findings." New EnglandNaturist Ass'n, Inc. v. George, 648 A.2d 370, 371 (R.I. 1994) (citing Town of Narragansett v. International Association ofFire Fighters, AFL-CIO, Local 1589, 119 R.I. 506, 380 A.2d 521
(1977).
 The Applicability of the Merger Doctrine
The doctrine of merger generally entails the combination of two or more contiguous lots of substandard size that are held in common ownership in order to meet the minimum square-footage requirements of a particular zoned district. As noted above, Lots 76 and 77 both measured 5,000 square feet and were located in a residential zoned district designated A-10, which meant that each lot required a minimum area of 10,000 square feet. The Warwick Zoning Ordinance contains a merger provision at Section 403.1 which provides:
 "If two (2) or more abutting nonconforming lots are held in the same ownership either at the time of or subsequent to the effective date of this ordinance or any amendment thereto, such lots shall be combined for the purposes of this ordinance in order to conform or more nearly conform to any of the dimensional requirements of this ordinance for the district in which the lots are located and such lots shall not be sold separately." (Emphasis added.)
Under the plain and unambiguous language of this ordinance, the subject lots merged by operation of law in June of 1988 when the ordinance was enacted. Both lots were in the same ownership at that time and thus merged to conform to the dimensional requirements of the ordinance.
Once merger has occurred a landowner cannot properly sell off a merged lot unless he first applies to the local planning board for permission to subdivide. The planning board has initial jurisdiction in these cases. See Sawyer v. Cozzolino,595 A.2d 242, 247 (R.I. 1991). Because the previous owner of Lots 76 and 77 did not receive authorization to subdivide from the planning board before selling Lot 77, a legal subdivision never took place. The plaintiff cannot now seek zoning relief to effectuate a subdivision. Zoning-area relief cannot be used to subdivide land. Rozes v. Smith, 120 R.I. 515, 388 A.2d 816
(1978).
After review of the entire record, this Court remands this case to the Zoning Board with directions to dismiss the petition for a variance without prejudice so that plaintiff may first attempt to obtain subdivision approval from the Planning Board.
Counsel shall prepare the appropriate order.